**In the United States Court for the District of Columbia**

**Jessica Homol**,
319 Grandview Drive
Kodak, Tennessee
and

Civil Case No.

**Dillon Homol**,
376 Carmine Drive
Cocoa Beach, Florida 32931

and

**Hanna Homol**,
37764376 Carmine Drive,
Cocoa Beach, Florida 32931

*Plaintiffs*,

v.

**Nancy Pelosi,** in her official
capacity as Speaker of the United States
House of Representatives
Office of the Speaker
The U.S. Capitol. Suite H-232,
U.S. House of Representatives
Washington, D.C. 20515
Telephone: (202) 225-0100

and

**Bernie G. Thompson**, in his official
capacity as Chair of the Select Committee
to Investigate the January 6th Attack on the
United States Capitol
Rayburn House Office Building Suite 2466
U.S. House of Representatives
Washington, D.C. 20515
Telephone: (202) 225-5876

and

**Elizabeth L. Chaney,** in her official

capacity as a member of the United States
House of Representatives.
Cannon House Office Building, Suite 416
U.S. House of Representatives
Washington, D.C. 20515
Telephone: (202) 225-2311

and

**Adam B. Schiff**, in his official capacity as a
member of the United States
House of Representatives
Rayburn House Office Building, Suite 2309
U.S. House of Representatives
Washington, D.C. 20515
Telephone: (202) 225-4176

and

**Jamie B. Raskin**, in his official
capacity as a member of the United States
House of Representatives
Rayburn House Office Building, Suite 2242
U.S. House of Representatives
Washington, D.C. 20515
Telephone: (202) 225-5341

and

**Susan F. Longren**, in her official
capacity as a member of the United States
House of Representatives
Longworth House Office Building, Suite 1401
U.S. House of Representatives
Washington, D.C. 20515
Telephone: (202) 225-3072

and

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

**Elaine G. Luria**, in her official
capacity as a member of the United States
House of Representatives
Cannon House Office Building, Suite 412
U.S. House of Representatives
Washington, D.C. 20515
Telephone: (202) 225-4215

and

**Peter R. Aguilar**, in his official
capacity as a member of the United States
House of Representatives
Cannon House Office Building, Suite 109
Washington, D.C. 20515

and

**Stephanie Murphy**, in her official
capacity as a member of the United States House
of Representatives
Longworth House Office Building, Suite 1710
U.S. House of Representatives
Washington, D.C. 20515
Telephone: (202) 225-4305

and

**Adam D. Kinzinger**, in his official
capacity as a member of the United States
House of Representatives
Rayburn House Office Building, Suite 3635
U.S. House of Representatives
Washington, D.C. 20515
Telephone: (202) 225-3201

and

**Select Committee to Investigate the January
6th Attack on the United States Capitol**,
Longworth House Office Building
Washington, D.C 20515
Telephone: (202) 225-7800

and

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

**John Wood**, in his official capacity as
Investigative Counsel for the Minority Members
of the House Select Committee to Investigate the
January 6 Attack on the United States Capitol
Longworth House Office Building
Washington, D.C 20515
Telephone: (202) 225-7800

and

**Timothy J. Heaphy**, in his official capacity
Chief Investigative Counsel for the House Select
Committee to Investigate the January 6 Attack on
the United States Capitol
Longworth House Office Building
Washington, D.C 20515
Telephone: (202) 225-7800

and

**Verizon Communications, Inc**.
Serve: General Counsel and Executive
Vice President Craig Silliman
1095 Avenue of the Americas
New York, NY 10036

and

**Cellco Partnership**
**d/b/a Verizon Wireless**
Serve: General Counsel
ATTN: VSAT
1 Verizon Way
Basking Ridge, New Jersey 07920

*Defendants*.

**Complaint for Declaratory and Injunctive Relief to Quash Subpoena**

1.     Dillon Homol, Jessica Homol, and Hanna Homol bring this action for a

declaratory judgment and for injunctive relief from a Congressional subpoena issued to their

wireless carrier, Verizon Communications, Inc.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

2.      The Select Committee to Investigate the January 6th Attack on the United States Capitol ("January 6th Committee") issued a subpoena to Verizon Communications, Inc. ("Verizon Subpoena") demanding Verizon disclose the cell phone data and records for Dillon Homol, Jessica Homol, and Hanna Homol.

3.      Dillon Homol currently faces criminal charges alleging that he entered the United States Capitol on January 6, 2021, but neither Jessica nor Hanna Homol face any charges relating to January 6, 2021, and neither were in the Washington, D.C. region that day.

4.      Complying with the Verizon Subpoena would require Verizon to violate the Stored Communications Act, 18 U.S.C. §§ 2701, *et seq.*, which, absent exceptions not applicable here, prohibits a wireless carrier from voluntarily releasing a customer's cell phone records or data.

5.      Verizon's compliance with the Verizon Subpoena would also infringe on the Homols' Fourth Amendment rights. The Fourth Amendment prohibits the government from unreasonably searching or seizing a person's private papers or other records, including mobile phone records, even if those records are stored with a third-party carrier.

6.      The January 6th Committee exceeded its authority when it issued the Verizon Subpoena. Congress cannot wield authority to generally investigate private citizens, nor may Congress use its subpoena power to investigate criminal activity or to aid law enforcement in its investigation. Rather, Congress may only subpoena testimony or other information to pursue a valid legislative purpose.

7.      The Plaintiffs' cell phone records are not relevant to any legislation the January 6th is considering or could propose. Although Dillon Homol is accused of entering the Capitol on January 6th, he is not charged with organizing or coordinating any demonstration, event, or unlawful act at the Capitol or on the National Mall that day. Neither Jessica Homol or Hanna Homol have any relevance to the events of January 6, 2021, and the government does not allege otherwise.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

## The Parties

8.      Plaintiff Dillon Homol is an individual who resides in Cocoa Beach, Florida. He is Jessica Homol's son and Jessica Homol's brother.

9.      Plaintiff Hanna Homol is an individual who resides in Cocoa Beach, Florida. She is Hanna and Dillon Homol's mother.

10.      Plaintiff Jessica Homol is an individual who resides in Kodak, Tennessee. She is Hanna Homol's daughter, Dillon Homol's sister, and the named account holder for the Verizon cell phone plan that she, Dillon, and Hanna Homol share.

11.      Defendant Verizon Communications, Inc. has been subpoenaed to provide subscriber data about the Plaintiffs' cell phone account to the January 6th Committee.

12.      Speaker of the House Nancy Pelosi, in her official capacity as Speaker of the United States House of Representatives, sponsored H. Res. 503 and oversaw its passage in the House to establish the January 6th Committee. The Speaker also approved and ratified the issuance of the Verizon Subpoena.

13.      Congressman Bennie G. Thompson is the Chairman of January 6th Committee which issued the Verizon Subpoena for Dillon Homol, his mother, and his sister's account.

14.      Elizabeth L. Cheney serves as a Member of the January 6th Committee which issued the Verizon Subpoena.

15.      Adam Schiff serves as a Member of the January 6th Committee which issued the Verizon Subpoena.

16.      Jamie B. Raskin serves as a Member of the January 6th Committee which issued the Verizon Subpoena.

17.      Susan Ellan "Zoe" Lofgren serves as a Member of the January 6th Committee which issued the Verizon Subpoena.

18.      Elaine G. Luriz serves as a Member of the January 6th Committee which issued the Verizon Subpoena.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

19.     Peter R. Aguilar serves as a Member of the January 6th Committee which issued the Verizon Subpoena.

20.     Stephanie Murphy serves as a Member of the January 6th Committee which issued the Verizon Subpoena.

21.     Adam D. Kinzinger serves as a Member of the January 6th Committee which issued the Verizon Subpoena.

22.     John Wood is the Investigative Counsel for the Minority Members for the January 6th Committee which issued the Verizon Subpoena.

23.     Timothy J. Heaphy is the Chief Investigative Counsel for the January 6th Committee which issued the Verizon Subpoena.

**Jurisdiction and Venue**

24.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the Constitution and laws of the United States.

25.     The jurisdiction of the Court to grant declaratory relief is conferred by 28 U.S.C. §§ 2201 and 2202 and by Federal Rule of Civil Procedure 57. The jurisdiction to grant emergency injunctive relief is conferred by Federal Rule of Civil Procedure 65. The declaratory and injunctive relief that Plaintiff requests would redress his injuries for Article III purposes.

26.     The Verizon Subpoena compels production in Washington, D.C., at 150A Longworth House Office Building, Washington, D.C 20515.

27.     This Court has personal jurisdiction over the Verizon Defendants to the extent that Verizon would have to respond to the Congressional Subpoena for the Homols' cell phone account by sending that information to Washington, D.C.

28.     Venue is proper under 28 U.S.C. § 1391(b) as a substantial part of the events giving rise to the claim occurred in Washington, D.C.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

**Statement of Facts**

**I.    Dillon Homol Faces a Pending Criminal Complaint Alleging That He Entered the Capitol Building on January 6, 2021.**

29.    The government filed a Criminal Complaint against Dillon Homol on March 4, 2021, and obtained an Arrest Warrant for him on March 5, 2021.

30.    The Arrest Warrant charges Dillon Homol with Knowingly Entering or Remaining in any Restricted Building or Grounds Without Lawful Authority under 18 U.S.C. § 1752(a)(1) & (2); Violent Entry and Disorderly Conduct on Capitol Grounds under § 40 U.S.C. § 5104(e)(2)(D) & (G); and Obstruction of Justice/Congress under 18 U.S.C. §§ 1512(c)(2).

31.    The Criminal Complaint in support of the Arrest Warrant alleges that on January 6, 2021, Dillon Homol attended a rally at the Eclipse where he listened to several speakers, including the President of the United States.

32.    After attending the rally, according to the Complaint, Dillon Homol walked from the Eclipse to the United States Capitol where a crowd of thousands had already gathered. At that time, a joint session of Congress was meeting to certify the vote count of the 2020 Presidential election. Criminal Compl., at 1.

33.    The Criminal Complaint alleges that Dillon Homol then entered the Capitol building through a door and remained in the Capitol rotunda for about 15-20 minutes, where he took photos and video with his phone.

34.    The Criminal Complaint does not allege that Dillon Homol was involved in planning the rally at the Ellipse nor does it allege that he helped plan, organize, or incite the march on the Capitol, the breaking into of the Capitol, or any illegal or violent act once inside the Capitol.

35.    Mr. Homol has not yet been tried for the crimes alleged in the criminal complaint, nor has he waived any of his rights under the United States Constitution or any other authority, including his Fourth Amendment right against unreasonable searches and seizure.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

36.     Neither Jessica Homol nor Hanna Homol were at the Capitol on January 6, 2021, and the government does not allege otherwise.

37.     The Criminal Complaint against Dillon Homol does not allege that Jessica Homol or Hanna Homol talked or otherwise communicated with Dillon Homol on January 6, 2021, or otherwise played any role in the events at the Capitol on January 6, 2021.

## II.     The January 6th Committee Issued a Subpoena to Verizon for the Plaintiffs' Cell Phone Records.

38.     On June 30, 2021, Congress formed the January 6th Committee to investigate the events at the Capitol on January 6, 2021.

39.     Upon information and belief, in investigating the events of January 6, 2021, the January 6th Committee issued broad subpoenas to obtain the mobile phone records of any person who had been criminally charged for participating in the events in or near the Capitol on January 6, 2021.

40.     On February 1, 2022, the January 6th Committee issued the Verizon Subpoena to Verizon Communications, Inc. for the cell phone records for the account that Dillon Homol, Jessica Homol, and Hanna Homol share.

41.     The Verizon Subpoena demands all of the following information:

Subscriber Information: All subscriber information for the Phone Number, including:

a.  Name, subscriber name, physical address, billing address, e-mail address, and any other address and contact information;

b.  All authorized users on the associated account;

c.  All phone numbers associated with the account;

d.  Length of service (including start date) and types of service utilized;

e.  Telephone or instrument numbers (including MAC addresses), Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEI"), Mobile Equipment Identifier ("MEID"), Mobile Identification Numbers ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), International Mobile Subscriber Identifiers ("IMSI"), or International Mobile Equipment Identifiers ("IMEI") associated with the accounts;

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

f.   Activation date and termination date of each device associated with the account;

g.   Any and all number and/or account number changes prior to and after the account was activated;

h.   Other subscriber numbers or identities (including temporarily assigned network addresses and registration Internet Protocol ("IP") addresses); and

<u>Connection Records and Records of Session Times and Durations</u>: All call, message (SMS & MMS), Internet Protocol ("IP"), and data-connection detail records associated with Phone Numbers, including all phone numbers, IP addresses, or devices that communication with the Phone Number via delivered and undelivered inbound, outbound, and routed calls, messages, voicemail, and data connections.

42.   The subpoena does not limit its scope to anyone who was or may have been at the Capitol on January 6, 2021.

43.   The subpoena does not limit the time period to January 6, 2021, or the immediately surrounding time period; the subpoena seeks records from November 1, 2020, through January 6, 2021.

## Causes of Action

### Count 1 – Declaratory Judgment that the
### Verizon Subpoena Violates 18 U.S.C. § 2702

44.   Plaintiffs incorporate the allegations of paragraphs 1 through 43.

45.   Congress enacted the Stored Communications Act in 1986 to address voluntary and compelled disclosure of stored electronic communications and transactional records held by third-party electronic communication services. 18 U.S.C. §§ 2701, *et seq.*

46.   The Stored Communications Act generally mandates that electronic service communication providers "shall not knowingly divulge to any person or entity the contents of a communication while in electronic storage by that service" absent a statutory exception. 18 U.S.C. § 2702(a)(1).

47.   The Stored Communications Act further provides that a wireless carrier "shall not knowingly divulge a record or other information pertaining to a subscriber to or customer of such service … to any governmental entity" absent a valid administrative subpoena or warrant. 18 U.S.C. § 2702(a)(3).

48.     The Stored Communications Act limits the information that a wireless carrier may disclose to the government under an administrative subpoena to the following:

(A) name;

(B)  address;

(C)  local and long-distance telephone connection records, or records of session times and durations;

(D)  length of service (including start date) and types of service utilized;

(E)  telephone or instrument number or other subscriber number or identity, including any temporarily assigned network address; and

(F)  means and source of payment for such service (including any credit card or bank account number).

18 U.S.C. § 2703(c)(2). To compel a wireless carrier to disclose any other customer information, the government must secure a warrant issued by a court of competent jurisdiction.  18 U.S.C. § 2703(c)(1)(A).

49.     The Verizon Subpoena demands more than Section 2703(c)(2) allows Verizon to disclose under an administrative subpoena.

50.     The January 6th Committee did not obtain a valid warrant for the Plaintiffs' cell phone records.

51.     No other statutory exception in the Stored Communications Act permits the January 6th Committee to obtain the Plaintiffs' cell phone records.

52.     The Stored Communications Act creates a private right of action allowing Plaintiffs to seek preliminary or declaratory relief, damages, and reasonable attorneys' fees and costs. 18 U.S.C. § 2707.

### Count 2 – Declaratory Judgment That the January 6th Committee Exceeded Its Authority by Issuing the Verizon Subpoena

53.     Plaintiffs incorporate the allegations of paragraphs 1 through 52.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

54.     Congress's authority to issue a subpoena arises "solely as an adjunct to the legislative process." *Watkins v. United States*, 354 U.S. 178, 197-98 (1957).

55.     Congress does not have authority to issue a subpoena to investigate criminal activity or to aid law enforcement. *Quinn v. United States*, 349 U.S. 155, 161 (1955).

56.     Congress does not have authority to issue a subpoena to generally inquire into private affairs, or to expose individuals that may have engaged in wrongdoing. *See Trump v. Mazars USA, LLP*, 140 S. Ct. 2019, 2032 (2020).

57.     Any Congressional subpoena that does not concern an issue on which legislation could be proposed, or that does not otherwise serve a valid legislative purpose, is invalid. *See Mazars USA*, 140 S. Ct. at 2031.

58.     The Plaintiffs' cell phone data from November 20, 2020, through January 6, 2021, does not relate to any valid legislative purpose.

59.     Rather, the Verizon Subpoena is an attempt by the January 6th Committee to investigate, embarrass, expose, or otherwise prejudice Dillon Homol for his alleged illegal entry into the Capitol on January 6, 2021.

## Count 3 – Declaratory Judgment that the Verizon Subpoena Violates the Fourth Amendment

60.     Plaintiffs incorporate the allegations of paragraphs 1 through 59.

61.     The Fourth Amendment to the United States Constitution prohibits the government from conducting unreasonable searches and seizures of a person's house, papers, and effects. U.S. Const. Amend. IV.

62.     The Fourth Amendment generally protects a person's reasonable privacy expectations. *Katz v. United States*, 389 U.S. 347, 351 (1967). A mobile phone customer may reasonably expect his phone data to remain private even though a third party temporarily stores that data. *Carpenter v. United States*, 138 S. Ct. 2206, 2217 (2018).

63.     To comply with the Fourth Amendment, a Congressional subpoena must be reasonable in scope and related to the purposes of a valid inquiry. *Oklahoma Press Pub. Co. v. Walling*, 327 U.S. 186, 209 (1946).

64.     The Plaintiffs have a reasonable expectation of privacy in their cell phone records.

65.     The Verizon Subpoena seeking those cell phone records is overly broad and bears no relation to the events at the Capitol on January 6, 2021.

66.     Neither Jessica nor Hanna Homol were in the District of Columbia on January 6, 2021, nor does the government allege that they were.

67.     Although the government alleges that Dillon Homol entered the Capitol on January 6, 2021, his cell phone records from November 1, 2020, through January 6, 2021 are not relevant to any Congressional inquiry.

68.     The government does not allege that Dillon Homol played any part in organizing or coordinating any actions or events on January 6, 2021, or that he was in contact with any such leaders, so his cell phone records for January 6, 2021, are similarly irrelevant to any legislative purpose.

### Count 4 – Injunctive Relief Forbidding Any Defendant from Complying With or Enforcing the Verizon Subpoena

69.     Plaintiffs incorporate the allegations of paragraphs 1 through 68.

70.     The Federal Rules of Civil Procedure authorize the Court to provide injunctive relief. Fed. R. Civ. P. 65.

71.     The Court may use its authority to issue injunctive relief to prevent threatened government action that would infringe on the Plaintiffs' rights. *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 128-29 (2007).

72.     Complying with or enforcing the Verizon Subpoena would violate the Stored Communications Act.

73.     The January 6th Committee exceeded its authority when it issued the Verizon Subpoena.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

74.     Complying with or enforcing the Verizon Subpoena would violate the Fourth Amendment.

75.     The Court should enjoin every Defendant from complying with or enforcing the Verizon Subpoena.

## Prayer for Relief

Plaintiffs Jessica Homol, Dillon Homol, and Hanna Homol request that the Court enter judgment in Plaintiffs' favor ordering the following relief:

a.   An order quashing the Verizon Subpoena;

b.   A declaratory judgment that complying with or enforcing the Verizon Subpoena would violate the Stored Communications Act;

c.   A declaratory judgment that complying with or enforcing the Verizon Subpoena would violate the Plaintiffs' Fourth Amendment rights;

d.   An injunction prohibiting Defendants from taking any actions to comply with, to procure compliance with, or to enforce the Verizon Subpoena;

e.   An order awarding Plaintiffs' its reasonable costs, including attorneys' fees, for bringing this action to prevent a violation of the Stored Communications Act.

Dated:  February 28, 2022                         Respectfully Submitted,

_William DeVinney (signature)_

_____
William T. DeVinney (D.C. Bar No. 488593)
Briglia Hundley, P.C.
1921 Gallows Road, Ste 750
Tysons Corner, VA 22182
Phone: (703) 883-0880
Fax: (703) 942-8092
Email:  wdevinney@brigliahundley.com

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF