**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JESSICA HOMOL; DILLON HOMOL; and HANNA HOMOL<br><br>    *Plaintiffs*,<br><br>    v.<br><br>NANCY PELOSI; BENNIE G. THOMPSON; ELIZABETH L. CHENEY; ADAM B. SCHIFF; JAMIE B. RASKIN; SUSAN E. LONGREN; ELAINE G. LURIA; PETER R. AGUILAR; STEPHANIE MURPHY; ADAM D. KINZINGER; SELECT COMMITTEE TO INVESTIGATE THE JANUARY 6TH ATTACK ON THE UNITED STATES CAPITOL; JOHN WOOD; TIMOTHY J. HEAPHY; VERIZON COMMUNICATIONS, INC.; and CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS<br><br>    *Defendants.* | Case No. 1:22-cv-527 |

**ANSWER OF VERIZON COMMUNICATIONS INC AND**
**CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS**

Defendants Verizon Communications Inc. and Cellco Partnership ("Verizon"), by and through its undersigned counsel, hereby answers the Complaint of Jessica Homol, Dillon Homol, and Hanna Homol, and reserves its rights to request dismissal of the Complaint on any and all grounds.  Unless expressly admitted, all allegations set forth in the Complaint are denied.

**PRELIMINARY STATEMENT**

1.    Verizon was sent, as relevant here, a subpoena dated February 1, 2022 from the U.S. House of Representatives Select Committee to Investigate the January 6th Attack on the United States Capitol (the "Select Committee") demanding the production of telephone records

for the phone number associated with Plaintiff Jessica Homol's account with Verizon (the "Subpoena").  The Subpoena demanded production of only Subscriber Information,[1] Connection Records, and Records of Session Times and Durations.[2]  *See* Compl. ¶ 41.  The Subpoena demanded production of telecommunications records for the time period from November 1, 2020, through and including January 31, 2021.  The Subpoena did not compel the production of any call or text message content, or location information.

2.      Upon receiving the Subpoena, Verizon notified Jessica Homol of Verizon's receipt of the Subpoena from the Select Committee.  This notice informed Jessica Homol that unless Verizon received "a court document challenging the [S]ubpoena by February 28, 2022, Verizon is compelled to comply with the [S]ubpoena."

3.      Verizon also provided Jessica Homol with a copy of the Subpoena issued by the Select Committee, except that Verizon withheld Section B, which identified the phone numbers of other Verizon subscribers that had also been subpoenaed by the Select Committee.

4.      Plaintiffs filed this case in the District of Columbia on February 28, 2022.

---

[1] The Subpoena defined "Subscriber Information" as: name, subscriber name, physical access, billing address, e-mail address, and any other address and contact information; all authorized users on the associated account; all phone numbers associated with the account; length of service (including start date) and types of service utilized; telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN") Mobile Equipment Identifier ("MEID"), Mobile Identification Numbers ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), International Mobile Subscriber Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI") associated with the accounts; activation date and termination date of each device associated with the account; any and all number and/or account number changes prior to and after the account was activated; and other subscriber numbers or identities (including temporarily assigned network addresses and registration Internet Protocol ("IP") addresses).

[2] Per the Subpoena, "Connection Records, and Records of Session Times and Durations" includes all call, message (SMS and MMS), Internet Protocol ("IP"), and data-connection detail records associated with the Phone Numbers, including all phone numbers, IP addresses, or devices that communicated with the Phone Number via delivered and undelivered inbound, outbound, and routed calls, messages, voicemail, and data connections.

5.      Thus, consistent with the notice that Verizon provided Jessica Homol, Verizon has not produced any of Plaintiffs' records in response to the Select Committee's Subpoena.

6.      In addition, Verizon has received virtually identical subpoenas from the Select Committee for the records of other customers.  Upon receipt of those subpoenas, Verizon provided the same notice to those customers that was provided to Jessica Homol.

## RESPONSES TO PLAINTIFFS' ALLEGATIONS

1.      The allegations in paragraph 1 summarize the relief Plaintiffs seek in their Complaint, to which no response is required.

2.      Verizon incorporates by reference its Preliminary Statement and admits that it received the Subpoena from the Select Committee for the records described in paragraph 1 of the Preliminary Statement for a phone number associated with Jessica Homol's account.

3.      Verizon lacks sufficient information to admit or deny the allegations in paragraph 3.

4.      The allegations in paragraph 4 are legal arguments and legal conclusions to which no response is required.  To the extent any response is necessary, Verizon respectfully refers the Court to the full text of the Stored Communications Act for a complete record of its contents.

5.      The allegations in paragraph 5 are legal arguments and legal conclusions to which no response is required.

6.      The allegations in paragraph 6 are legal arguments and legal conclusions to which no response is required.

7.      The allegations in the first and third sentences of paragraph 7 are legal arguments to which no response is required.  Verizon lacks sufficient information to admit or deny the remaining allegations in paragraph 7.

8.      Verizon lacks sufficient information to admit or deny the allegations in paragraph 8.

9.      Verizon lacks sufficient information to admit or deny the allegations in paragraph 9.

10.     Verizon admits that Jessica Homol maintains an account with Verizon.  Verizon lacks sufficient information to admit or deny the remaining allegations in paragraph 10.

11.     Verizon incorporates by reference its Preliminary Statement.  Verizon admits that it received the Subpoena for a phone number associated with Jessica Homol's account for the phone records described in paragraph 1 of its Preliminary Statement.

12.     Verizon lacks sufficient information to admit or deny the allegations in paragraph 12.

13.     Verizon lacks sufficient information to admit or deny the allegations in paragraph 13.

14.     Verizon lacks sufficient information to admit or deny the allegations in paragraph 14.

15.     Verizon lacks sufficient information to admit or deny the allegations in paragraph 15.

16.     Verizon lacks sufficient information to admit or deny the allegations in paragraph 16.

17.     Verizon lacks sufficient information to admit or deny the allegations in paragraph 17.

18.     Verizon lacks sufficient information to admit or deny the allegations in paragraph 18.

19.     Verizon lacks sufficient information to admit or deny the allegations in paragraph 19.

20.     Verizon lacks sufficient information to admit or deny the allegations in paragraph 20.

21.     Verizon lacks sufficient information to admit or deny the allegations in paragraph 21.

22.     Verizon lacks sufficient information to admit or deny the allegations in paragraph 22.

23.     Verizon lacks sufficient information to admit or deny the allegations in paragraph 23.

24.     Verizon admits that this Court has subject-matter jurisdiction over this action.

25.     The allegations in paragraph 25 are legal arguments and legal conclusions to which no response is required.  To the extent a response is necessary, Verizon respectfully refers the Court to the full text of the Constitutional provision, statutes, and Federal Rules of Civil Procedure cited for a complete record of their contents.

26.     Verizon denies the allegations in paragraph 26.  The Subpoena demands production at 1540A Longworth House Office Building, Washington DC 20515.

27.     Verizon admits that this Court has personal jurisdiction over Verizon.

28.     Verizon admits that venue is proper.

29.     Verizon lacks sufficient information to admit or deny the allegations in paragraph 29.

30.     Verizon lacks sufficient information to admit or deny the allegations in paragraph 30.

31.     Verizon lacks sufficient information to admit or deny the allegations in paragraph

31.

32.    Verizon lacks sufficient information to admit or deny the allegations in paragraph 32.

33.    Verizon lacks sufficient information to admit or deny the allegations in paragraph 33.

34.    Verizon lacks sufficient information to admit or deny the allegations in paragraph 34.

35.    Verizon lacks sufficient information to admit or deny the allegations in paragraph 35.

36.    Verizon lacks sufficient information to admit or deny the allegations in paragraph 36.

37.    Verizon lacks sufficient information to admit or deny the allegations in paragraph 37.

38.    Verizon admits the allegations in paragraph 38, which references actions taken by the U.S. House of Representatives and that are recorded in the Congressional Record of the 177th Congress for the Legislative Day occurring on June 30, 2021.  Verizon respectfully refers the Court to the full text of that document for a complete record of its contents.

39.    Verizon lacks sufficient information to admit or deny the allegations in paragraph 39.

40.    Verizon incorporates by reference its Preliminary Statement.  Verizon admits that the Select Committee issued the Subpoena on February 1, 2022 for the records described in paragraph 1 of the Preliminary Statement of a cell phone number associated with Jessica Homol's account.  Verizon lacks sufficient information to admit or deny the remaining

allegations in paragraph 40.

41.     Verizon incorporates by reference paragraph 1 of its Preliminary Statement.  The allegations in paragraph 41 purport to summarize and quote from the Subpoena.  Verizon respectfully refers the Court to the full text of that document for a complete record of its contents.  Verizon denies that paragraph 41 of the Complaint accurately quotes the text of the Subpoena.

42.     Verizon lacks sufficient information to admit or deny the allegations in paragraph 42.

43.     Verizon incorporates by reference paragraph 1 of its Preliminary Statement. Verizon admits that the Subpoena demands the production of records for the time period from November 1, 2020 through January 6, 2021.

44.     With respect to paragraph 44, Verizon incorporates by reference its responses to paragraphs 1 through 43.

45.     The allegations in paragraph 45 are legal arguments to which no response is required.  To the extent any response is necessary, Verizon refers the Court to the full text of the Stored Communications Act for a complete record of its contents.

46.     The allegations in paragraph 46 are legal arguments to which no response is required.  To the extent any response is necessary, Verizon refers the Court to the full text of the Stored Communications Act for a complete record of its contents.

47.     The allegations in paragraph 47 are legal arguments to which no response is required.  To the extent any response is necessary, Verizon refers the Court to the full text of the Stored Communications Act for a complete record of its contents.

48.     The allegations in paragraph 48 are legal arguments to which no response is required.  To the extent any response is necessary, Verizon refers the Court to the full text of the Stored Communications Act for a complete record of its contents.

49.     The allegations in paragraph 49 are legal conclusions to which no response is required.  To the extent any response is necessary, Verizon refers the Court to the full text of the Stored Communications Act for a complete record of its contents.

50.     Verizon lacks sufficient information to admit or deny the allegations in paragraph 50.

51.     The allegations in paragraph 51 are legal conclusions to which no response is required.

52.     The allegations in paragraph 52 purport to summarize the Stored Communications Act.  Verizon respectfully refers the Court to the full text of that statute for a complete record of its contents.

53.     With respect to paragraph 53, Verizon incorporates by reference its responses to paragraphs 1 through 52.

54.     The allegations in paragraph 54 are legal arguments to which no response is required.  To the extent any response is necessary, Verizon refers the Court to the full text of the case cited in paragraph 54 for a complete record of its contents.

55.     The allegations in paragraph 55 are legal arguments to which no response is required.  To the extent any response is necessary, Verizon refers the Court to the full text of the case cited in paragraph 55 for a complete record of its contents.

56.     The allegations in paragraph 56 are legal arguments to which no response is required.  To the extent any response is necessary, Verizon refers the Court to the full text of the case cited in paragraph 56 for a complete record of its contents.

57.     The allegations in paragraph 57 are legal arguments to which no response is required.  To the extent any response is necessary, Verizon refers the Court to the full text of the case cited in paragraph 57 for a complete record of its contents.

58.     The allegations in paragraph 58 are legal conclusions to which no response is required.

59.     Verizon lacks sufficient information to admit or deny the allegations in paragraph 59.

60.     With respect to paragraph 60, Verizon incorporates by reference its responses to paragraphs 1 through 59.

61.     The allegations in paragraph 61 purport to summarize the Fourth Amendment. Verizon respectfully refers the Court to the full text of that amendment for a complete record of its contents.

62.     The allegations in paragraph 62 are legal arguments to which no response is required.  To the extent any response is necessary, Verizon refers the Court to the full text of the cases cited in paragraph 62 for a complete record of their contents.

63.     The allegations in paragraph 63 are legal arguments to which no response is required.  To the extent any response is necessary, Verizon refers the Court to the full text of the case cited in paragraph 63 for a complete record of its contents.

64.     The allegations in paragraph 64 are legal arguments to which no response is required.

9

65.     The allegations in paragraph 65 are legal arguments to which no response is required.

66.     Verizon lacks sufficient information to admit or deny the allegations in paragraph 66.

67.     The allegations in paragraph 67 are legal arguments to which no response is required.

68.     Verizon lacks sufficient information to admit or deny the allegations in paragraph 68.

69.     With respect to paragraph 69, Verizon incorporates by reference its responses to paragraphs 1 through 68.

70.     The allegations in paragraph 70 are legal arguments to which no response is required.  To the extent any response is necessary, Verizon refers the Court to the full text of the Federal Rule of Civil Procedure cited in paragraph 70 for a complete record of its contents.

71.     The allegations in paragraph 71 are legal arguments to which no response is required.  To the extent any response is necessary, Verizon refers the Court to the full text of the case cited in paragraph 71 for a complete record of its contents.

72.     The allegations in paragraph 72 are legal conclusions to which no response is required.  To the extent any response is necessary, Verizon denies that complying with the Subpoena violates the Stored Communications Act.

73.     The allegations in paragraph 73 are legal conclusions to which no response is required.

74.     The allegations in paragraph 74 are legal conclusions to which no response is required.

75.     The allegations in paragraph 75 are legal conclusions to which no response is required.

## PRAYER FOR RELIEF

Plaintiffs' Prayer for Relief does not require a response, but to the extent any response is necessary, Verizon takes no position whether Plaintiffs are entitled to the requested relief and judgment in sections a, c, and d.  Verizon denies that the Subpoena violates the Stored Communications Act as asserted in section b, and further denies that Plaintiffs are entitled to Verizon's payment of their reasonable costs and expenses, including attorneys' fees, as asserted in section e.


April 6, 2022                                          Respectfully submitted,


/s/ Reid M. Figel
Reid M. Figel
**KELLOGG, HANSEN, TODD,**
  **FIGEL & FREDERICK, P.L.L.C.**
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Tel: (202) 326-7900
rfigel@kellogghansen.com

*Counsel for Defendants Verizon*
*Communications Inc. and*
*Cellco Partnership d/b/a Verizon Wireless*