

William T. DeVinney
Direct Dial: (703) 942-8076
wdevinney@brigliahundley.com

December 16, 2022

*Delivered Via ECF*

Hon. Timothy J. Kelly
United States District Court Judge
333 Constitution Avenue N.W.
Washington D.C., 20001

      Re:    *Homol v. Pelosi*, 1:22-cv-00527-TJK

Dear Judge Kelly:

As ordered, counsel for Plaintiffs provide this status report on *Homol v. Pelosi*, 1:22-cv-00527-TJK. (11/14/22 Minute Order). As described in Plaintiffs' October 29, 2022, filing, Plaintiff Dillon Homol faces charges alleging that he entered the United States Capitol Building on January 6, 2021. As part of its investigation of those events, the Select Committee to Investigate the January 6th Attack on the United States Capitol ("January 6th Committee") issued a subpoena to Verizon for all of Mr. Homol's cell phone records and data. But that subpoena also demanded the cell phone records of Mr. Homol's sister and mother, neither of whom had any role in the January 6, 2021, events at the Capitol.

To protect the Homols' privacy rights, Plaintiffs filed an action to quash the subpoena. Once Plaintiffs filed their suit, Verizon informed Plaintiffs' counsel that it would not comply with the subpoena with the suit pending.

In addition to Verizon, Plaintiffs named as Defendants the January 6th Committee itself, the House of Representatives Members who serve on the committee, and counsel to the January 6th Committee. Plaintiffs successfully served most Defendants, but no governmental Defendant answered or otherwise responded to the Complaint. Plaintiffs did not move for an order of default against the governmental Defendants because it would potentially waste the Court's and the governmental Defendants' time and resources. But Plaintiffs also did not dismiss

the case because the Verizon Defendants might feel compelled to respond to the subpoena if no case is pending.

Since the Plaintiffs' October 29, 2022, filing, Plaintiffs' counsel unsuccessfully tried to contact the governmental Defendants to resolve the subpoena issue. Thus, Plaintiffs request that the Court provide them until February 1, 2022, to either move for a default against the non-responding Defendants or to dismiss the action. By February 1, 2023, the new Congress will be seated, so Plaintiffs will likely know better whether the January 6th Committee, if it is still operating, intends to enforce the subpoena. Also, Verizon may agree not to respond to the subpoena after the Congressional changeover. Plaintiffs believe that allowing them until February 1, 2023, to act will allow them to resolve this matter in the most efficient matter.

Thank you.

Sincerely,

*William DeVinney*

William T. DeVinney
BRIGLIA HUNDLEY, P.C.